IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Abin Lowman,  )  <br>  )  <br>  Plaintiff,  )  <br>  )  <br> v.  )  <br>  )  <br> Capt. Harold; Nurse Harold; and  )  <br> A/W Duffie,  )  <br>  )  <br>  Defendants.  )  <br> _____ ) | Civil Action No. 1:23-cv-4139-BHH  <br>  <br> **ORDER** |

This matter is before the Court upon Plaintiff Abin Lowman's ("Plaintiff") *pro se* complaint alleging that Defendants violated his constitutional rights.  petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge for preliminary determinations in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C.

By order dated October 30, 2023, service of process of the complaint was authorized.  (ECF No. 15.)  On January 17, 2024, the summonses for Capt. Harold and Nurse Harold were returned unexecuted.  (ECF No. 23.)  In the "Remarks" section of the Form USM-285, the United States Marshals Service indicated that the South Carolina Department of Corrections Office of General Counsel could not accept service for these Defendants because Capt. Harold could not be found in a Human Resources Search and Nurse Harold never worked at Perry Correctional Institution.  (*Id.*)

Plaintiff was previously warned about his responsibility to provide information sufficient to identify Defendants because the United States Marshals Service cannot serve an inadequately identified Defendant.  On January 22, 2024, the Magistrate Judge ordered

Plaintiff to complete by February 12, 2024, a Form USM-295 with additional information to allow for service on Capt. Harold and Nurse Harold. Despite this warning, Plaintiff failed to respond to the order. Accordingly, on February 27, 2024, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court dismiss Capt. Harold and Nurse Harold based on Plaintiff's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear

2

error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 33) and dismisses Capt. Harold and Nurse Harold from this action for failure to prosecute.** *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 18, 2024
Charleston, South Carolina